# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JAMES KAPPEL, | ) |
| Plaintiff, | ) |
| v. | ) CIV-18-1003-C |
| 1. DOLESE BROS. CO., | ) |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, James Kappel, and for his Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1. Plaintiff, James Kappel, is an adult resident of Cleveland County, Oklahoma.

2. Defendant, Dolese Bros. Co., is an entity doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This cause of action arises out of Plaintiff's former employment with Defendant and is based on Plaintiff's claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

4. Jurisdiction over Plaintiff's federal cause of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff exhausted his administrative remedies as to the above-listed claim by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 23, 2018. Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated August 9, 2018 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of

1

right to sue.

6.      Defendant is located in Oklahoma County, and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.      Plaintiff was born in December 1959, making him over age 40 at all times relevant hereto.

8.      Plaintiff was employed with Defendant for 34 years, from on or about May 10, 1983, until on or about December 19, 2017.

9.      Plaintiff began his employment as a Tireman, but received several promotions thereafter. He ultimately achieved a Journeyman Mechanic position, which he held for approximately 20 years, until his wrongful termination on or about December 19, 2017.

10.     Throughout his lengthy tenure, Plaintiff was a satisfactory, or better, employee. In addition to receiving multiple promotions, he received positive performance evaluations and merit pay increases.

11.     Despite his good work performance, Plaintiff was wrongfully terminated on or about December 19, 2017, by Superintendent Brian Malatka (who is in his 30s).

12.     Malatka claimed the reason Plaintiff was being fired was due to complaints allegedly made against him.

13.     Malatka stated four employees submitted statements against Plaintiff. However, Malatka did not tell Plaintiff the subject of the alleged complaints, nor did he question Plaintiff about any accusations allegedly made.

14.     Plaintiff asked Malatka if he would tell him what the alleged complaints were

about. However, Malatka only stated the alleged complaints were about Plaintiff supposedly making a comment in reference to "gays." He did not ask Plaintiff any questions or provide Plaintiff with any other information.

15. Despite this, after Plaintiff was fired, Defendant reported to the Oklahoma Employment Security Commission that Plaintiff was terminated for allegedly harassing and bullying co-workers. Defendant alleged that Plaintiff made derogatory comments and slurs and claimed that it had a "zero tolerance" policy against harassment. However, the stated basis for Plaintiff's termination is pretext.

16. Plaintiff did not harass or bully his co-workers, nor did he make the comments of which he was accused.

17. Moreover, Defendant has a progressive disciplinary policy in place which it failed to follow in Plaintiff's termination.

18. In addition, Defendant does not maintain a "zero tolerance" policy against harassment. Rather, Defendant's policy is subjective in nature, in that, it states that any employee determined to have engaged in harassing behavior (which Plaintiff did not engage in) "*may* be subject to discipline...." And, no investigation was conducted, as dictated by Defendant's written policy.

19. Further, multiple employees, who were significantly younger than Plaintiff, have actually engaged in conduct warranting termination, but have not been fired.

20. By way of example, Craig Guffey (who is in his 30s) frequently viewed pornographic photos and videos on his cell phone while at work. Yet, he remains employed by Defendant.

21. In addition, several of Plaintiff's significantly younger co-workers have been convicted of Driving Under the Influence ("DUI"), including, but not limited to Guffey. Yet,

they were not terminated, despite the fact that driving is a requirement of their job.

22. And, following Plaintiff's termination, Defendant replaced Plaintiff by promoting Guffey into Plaintiff's position.

23. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described below.

## COUNT I:  ADEA - Discrimination

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

25. Plaintiff is entitled to relief under the ADEA for age discrimination because at all times relevant hereto, Plaintiff was over age forty (40), was qualified for his job, was discharged, and his position was not eliminated after his termination. Rather, Plaintiff was replaced by a significantly younger individual (i.e., Guffey) after his termination.

26. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful misconduct.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, wage loss (including back pay and front pay), liquidated damages together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees, and all other damages recoverable as to the above-listed claims.

Respectfully submitted this 10th day of October, 2018.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA #17844**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**haupts@leonardlaw.net**
