IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KAPPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-18-1003-C |
| | ) | |
| DOLESE BROS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Protective Order (Dkt. No. 15). Plaintiff has filed his response (Dkt. No. 16), and Defendant did not file a reply. The motion is now at issue.

Plaintiff alleges that Defendant unlawfully terminated him based on his age. (Dkt. No. 1.) The parties are currently engaged in discovery, and have come to an impasse regarding one provision of an otherwise agreed protective order. The disputed provision addresses the procedures for handling inadvertent discovery disclosures, which are typically governed by Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5). Defendant seeks to insert an additional provision prohibiting any inadvertent discovery disclosure from constituting a waiver of any privilege, in light of the "voluminous" material that will likely need to be produced in discovery. (Dkt. No. 15, p. 8.) Plaintiff, however, maintains that existing legal protections are sufficient to allay Defendant's concerns.

The additional provision sought by Defendant is known as a "claw-back" provision—these provisions "essentially undo a document production, and require the return of documents that a party belatedly determines are privileged." Potomac Elec. Power Co. & Subsidiaries v. United States, 107 Fed. Cl. 725, 729 (Fed. Cl. 2012) (internal quotations and citations omitted). Defendant must establish good cause for the entry of this provision, which requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

The Court finds that Defendant has failed to present good cause for the claw-back provision. First, the main case on which Defendant relies—Better v. YRC Worldwide Inc., Case No. 11-2072-KHV, 2015 WL 11142863 (D. Kan. 2015)—is factually distinguishable from this case. That case was a class action involving many parties, voluminous discovery (300,000 potentially privileged documents), and a condensed discovery timeline (5 days). Better, 2015 2015 WL 11142863 at *2. The Court finds that Defendant has not adequately demonstrated that any of these circumstances are present here. Additionally, even absent the claw-back provision, an inadvertent disclosure during discovery does not automatically waive any privilege. Instead, the inadvertent disclosure becomes subject to the multi-factor test set forth in Fed. R. Evid. 502(b) to determine whether any privilege has been waived. The Court thus finds the claw-back provision unnecessary here. Accordingly, the Court will enter the protective order without this provision.

## CONCLUSION

For these reasons, Defendant's Motion for Protective Order (Dkt. No. 15) is GRANTED in part and DENIED in part. The parties must submit a proposed protective order (absent the claw-back provision) to the Court within 10 days of the date of this Order.

IT IS SO ORDERED this 7th day of June, 2019.

ROBIN J. CAUTHRON
United States District Judge